IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DWONE CARNELL HARRISON, #193 689 | * |
|     Plaintiff, | * |
|     v. | *    2:06-CV-1075-MHT (WO) |
| D. WAYNE PERDUE | * |
|     Defendant. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Dwone Harrison, an inmate incarcerated at the Bibb County Correctional Facility, complains that his court appointed attorney violated his constitutional rights. Specifically, Plaintiff alleges that counsel rendered ineffective assistance during his criminal trial proceedings. The named defendant is attorney D. Wayne Perdue. Plaintiff requests monetary damages. Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff's claims against his defense counsel lack an arguable basis in law. It is well established that neither appointed nor retained counsel acts under color of state law in representing a defendant in trial proceedings or on direct appeal. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 678 (5th Cir.1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir.1985) (retained counsel does not act under color of state law). Accordingly, Plaintiff's complaint against Defendant Perdue is due to be dismissed under § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. **CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 24, 2007**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of January, 2007.

                                            /s/Charles S. Coody
                                            CHARLES S. COODY
                                            CHIEF UNITED STATES MAGISTRATE JUDGE